# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARVIN HARRIS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00582 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **INVESTIGATOR CHRISTOPHER** ) | JUDGE JAMES P. JONES |
| **ROSEMEIER, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

*Marvin Harris, Pro Se Plaintiff; Rosalie Pemberton Fessier and Brittany E. Shipley,* TIMBERLAKESMITH, *Staunton, Virginia, for Defendants.*

The plaintiff, Marvin Harris, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that the defendant law enforcement officers used excessive force against him during an arrest. After review of the record, I conclude that the defendants' Motion to Dismiss must be denied.

I.

Harris alleges that late at night on October 8, 2020, while he was a passenger in his friend's vehicle, police pulled them over. Two investigators with the Augusta County Sheriff's Department came to the passenger side of the vehicle and told the driver that she had been speeding. One of them asked Harris for his name. Harris "politely declined" to provide this information. Am. Compl. 4, ECF No. 11. The investigators then allegedly started punching Harris. During the encounter, they

allegedly used a taser on his chest and stomach, pulled him out of the vehicle, threw him to the ground, and placed restraints on him. Even after he was restrained, they allegedly continued to use force against him. When Harris arrived at the jail, officials there sent him to the local emergency room. He allegedly suffered fractures to bones in his face and damage to several teeth. Harris claims that the Sheriff of Augusta County simply denied that any of his employees had taken the actions Harris described.

Based on these events, Harris filed a § 1983 Complaint against the Sheriff and several law enforcement staff, seeking compensatory and punitive damages. He signed and dated his initial Complaint on October 6, 2022. The Court's docket indicates that Harris's mother delivered the Complaint to the Clerk's Office of this Court. Clerk's Office staff docketed the Complaint on Tuesday, October 11, 2022.

The defendants have filed a Motion to Dismiss, asserting that Harris's claims are barred by the applicable two-year statute of limitations. Harris has responded, making the motion ripe for disposition.

## II.

"A Rule 12(b)(6) motion to dismiss tests only 'the sufficiency of a complaint.'" *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[1] In considering

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout, unless otherwise noted.

a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. However, the court need not accept legal conclusions, threadbare recitals of the elements of a cause of action, or conclusory statements." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Harris presents his constitutional claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because Congress did not include in the statute any time limit for filing a § 1983 action, such cases are governed by the statute of limitations applicable to general personal injury actions in the state where the wrongful conduct allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989).

In Virginia, the limitations period for general personal injury claims is two years. Va. Code Ann. § 8.01-243(A). Thus, Harris had two years from the date when his claims accrued to file this action. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). It is well established that "a cause of action [under § 1983] accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *United States v. Kubrick*, 444 U.S. 111, 123 (1979)). In other words, the cause of action accrues when the

plaintiff is "armed with the facts about the harm done to him, [and] can protect himself" by investigating further and working diligently to prepare his legal claims for litigation within the statutory filing period. *Kubrick*, 444 U.S. at 123. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Thus, if the § 1983 complaint is deemed filed within the limitations period, the action is timely. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).

Harris's excessive force claims center on the October 8, 2020, incident when law enforcement officers pulled over the vehicle in which he was riding and then allegedly used force in arresting him. The defendants argue that Harris knew immediately of any injuries he suffered that night, and Harris does not dispute this assertion. Thus, I will consider October 8, 2020, as the date on which his § 1983 claims accrued. The defendants also assert that because the Complaint was docketed on October 11, 2022, it was filed outside the statutory filing period. I cannot agree.

Under the two-year filing period prescribed by Va. Code Ann. § 8.01-243(A), Harris would ordinarily have had until October 8, 2022, to file a timely § 1983 action raising the § 1983 claims concerning the alleged use of force against him on October 8, 2020. But October 8, 2022, fell on a Saturday. The following Monday, October 10, 2022, was Columbus Day, a federal holiday. Rule 6(a) of the Federal Rules of Civil Procedure provides that if the last day of the time period being calculated is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the

next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, the Complaint docketed on Tuesday, October 11, 2022, was timely filed. To the extent that the defendants argue that any of his § 1983 claims are barred under the statute of limitations, I will deny their motion.

III.

For the reasons stated, it is hereby **ORDERED** that the defendants' Motion to Dismiss, ECF No. 19, contending that Harris' action was untimely, is DENIED; and the defendants are DIRECTED to submit within 30 days an Answer and any further dispositive motion, including one for summary judgment. If no such motion is filed within the allotted time, the court will set this matter for a jury trial.[2]

ENTER:   June 26, 2023

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] The defendants' motion also asserts that Harris fails to state any claim against the Sheriff based on supervisory liability. Because I am denying the other defendants' Motion to Dismiss and have directed them to file any summary judgment motion developing the facts of the case, I decline to address the merits of the Sheriff's defense. The Sheriff remains free to refile his arguments for dismissal of the claims against him, if warranted.