## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MARVIN HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00582 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **INVESTIGATOR CHRISTOPHER** | ) | JUDGE JAMES P. JONES |
| **ROSEMEIER, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Zachary Lawrence, LAWRENCE LAW FIRM PLLC, Cold Brook, New York, and Amina Matheny-Willard, AMINA MATHENY-WILLARD, PLLC, Norfolk, Virginia, for Plaintiff; Rosalie Pemberton Fessier and Brittany E. Shipley, TIMBERLAKESMITH, Staunton, Virginia, for Defendants.*

The plaintiff Marvin Harris filed this action under 42 U.S.C. § 1983, asserting claims related to the use of force against him by law enforcement officers during a traffic stop. The defendants moved for dismissal of the action as untimely filed, but I denied that motion. *Harris v. Rosemeier*, No. 7:22CV00582, 2023 WL 4186019 (W.D. Va. June 26, 2023). Now before me is a renewed Motion to Dismiss by defendant Donald L. Smith, Sheriff of Augusta County.[1] Based on the allegations

---

[1] When I denied dismissal of the § 1983 action as untimely, I set a deadline for any further dispositive motions. While Smith has moved to dismiss, the other defendant officers have only filed an Answer. Therefore, I will schedule the claims against them for resolution by a jury.

of the Amended Complaint, I conclude that Smith's Motion to Dismiss must be granted.[2]

## I. BACKGROUND.

My prior opinion summarized Harris's allegations:

> Harris alleges that late at night on October 8, 2020, while he was a passenger in his friend's vehicle, police pulled them over. Two investigators with the Augusta County Sheriff's Department came to the passenger side of the vehicle and told the driver that she had been speeding. One of them asked Harris for his name. Harris "politely declined" to provide this information. Am. Compl. 4, ECF No. 11. The investigators then allegedly started punching Harris. During the encounter, they allegedly used a taser on his chest and stomach, pulled him out of the vehicle, threw him to the ground, and placed restraints on him. Even after he was restrained, they allegedly continued to use force against him. When Harris arrived at the jail, officials there sent him to the local emergency room. He allegedly suffered fractures to bones in his face and damage to several teeth.

*Id.* at *1. Based on these events, Harris sued Smith and several law enforcement officers, seeking compensatory and punitive damages. The only allegations Harris states as to Smith are as follows:

> I have to ask that the head sheriff Donald Smith be held accountable for his officer[s'] excessive force and the neglect by the Augusta County Sheriff's Department. [Harris's] mother filed two complaints one as soon as two days after this happen[ed] and nothing was done[.] Donald Smith wouldn[']t even return her calls. And when he did he simply said that <u>none</u> of this happened. He's taking all this lightly and didn[']t even

---

[2] This action was instituted by the plaintiff without a lawyer, and the Amended Complaint was also filed by him without counsel, his lawyers only appearing afterwards. In response to the current Motion to Dismiss, Plaintiff's counsel relies solely on the pro se allegations of the Amended Complaint. Pl.'s Opp'n, Attach., Lawrence Decl. ¶ 6, ECF No. 36-1.

question his officers — let alone reprimand them.  All of this would be simple if h[is] officer[s'] wore body cameras but his department chooses not to because of incidents like this.  So I ask that he be held accountable for his actions along with his officers.

Am. Compl. 6, ECF No. 11.

Smith moves to dismiss the claims against him on these bases: (1) Harris states no facts showing that Smith had prior knowledge that his deputies would engage in unconstitutional conduct and thus fails to show supervisory liability actionable under § 1983; (2) Virginia does not recognize a claim of negligent supervision; (3) Harris states no facts to support his general negligence claim against Smith; (4) Harris states no facts showing personal action by Smith that could impose liability on him under state law; (5) sheriffs are entitled to sovereign immunity in their supervisory capacity for acts of subordinates for state law claims; and (6) Smith is entitled to Eleventh Amendment immunity as to any state law claims against him in his official capacity. Harris, through counsel, has responded to Smith's motion, making that motion ripe for disposition.

## II. DISCUSSION.

### A. The Standard of Review.

"A Rule 12(b)(6) motion to dismiss tests only 'the sufficiency of a complaint.'" *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[3]  In considering

---

[3]  I have omitted internal quotation marks, alterations, and citations throughout this Opinion, unless otherwise noted.

a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* "[T]he court need not accept legal conclusions, threadbare recitals of the elements of a cause of action, or conclusory statements." *Langford*, 62 F.4th at 124.

"[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded.*" Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). While I must liberally construe a pro se litigant's pleadings, I cannot construct constitutional claims for him based on conclusory statements without supporting factual matter. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not . . . without limits," and a reviewing court "cannot be expected to construct full blown claims from sentence fragments"); *Bracey v. Buchanan*, 55 F. Supp. 2d 416,

-4-

421 (E.D. Va. 1999) ("A pro se plaintiff still must allege facts that state a cause of action.").

## B. Constitutional Claims.

Harris presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under § 1983, governmental officials cannot be held liable, vicariously for the unconstitutional acts of their subordinates. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Rather, "liability will only lie where it is affirmatively shown that the official charged acted personally" to deprive the plaintiff of constitutional rights. *Alston v. Robinson*, No. 7:22CV00234, 2022 WL 4237495, at *1 (W.D. Va. Sept. 14, 2022). To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that subordinates' misconduct posed "a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) an "affirmative causal link" existed between the defendant's inaction and the plaintiff's constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

A court cannot hold a supervisory official liable for failing to prevent constitutional violations by others if that official had no notice of a risk that such types of violations would occur. *Cadmus v. Williamson*, No. 5:15-cv-00045, 2016 WL 929279, at *26 (W.D. Va. Feb. 1, 2016), *R. & R. adopted*, No. 5:15-CV-045, 2016 WL 1047087 (W.D. Va. Mar. 10, 2016). A supervisor's failure to take remedial action in response to an alleged constitutional violation neither causes nor contributes to that constitutional violation or otherwise provides a basis for liability under § 1983. 2016 WL 929279, at *13 (holding sheriff "cannot be held responsible for the actions of his deputies . . . simply by virtue of failing to investigate the circumstances of the arrest or punish his subordinates for their conduct after the fact").

In this case, Harris cannot prevail in a claim that Smith should be liable under § 1983 because his deputies allegedly violated Harris's constitutional rights. Such vicarious liability does not apply to § 1983 claims, which requires showing that personal actions by the defendant violated the plaintiff's constitutional rights. Harris has also failed to state facts concerning any prior occurrences that put Smith on notice of any risk that his deputies would violate a suspect's constitutional rights in the manner that Harris alleges. Smith cannot be held liable for failing to prevent

harm when he had no foreknowledge of the risk that harm would occur.[4]

Furthermore, Harris cannot hold Smith liable under § 1983 for an allegedly

unsatisfactory investigation or response after the deputies' challenged actions.

Neither Harris nor his mother had a constitutional right to a particular response or

investigation by Smith as to their complaints or to have the alleged wrongdoer

punished. *Smith v. McCarthy,* 349 F. App'x 851, 859 (4th Cir. 2009) (unpublished)

(holding plaintiffs "had no right to a criminal investigation or criminal prosecution

of another"). Because Harris fails to present facts stating the necessary elements of

any § 1983 claim against Smith related to the traffic stop or use of force on October

8, 2020, or the aftermath of that incident, I will grant his Motion to Dismiss as to all

such claims.

---

[4] In response to the Motion to Dismiss, counsel for Harris argues that I should construe the Amended Complaint as alleging that the deputies' use of excessive force against Harris occurred because in the past, Smith had chosen not to discipline his subordinates for misconduct, had not taken reports of violence seriously, and, because of incidents like Harris experienced, had not implemented a policy requiring his deputies to wear body cameras. These statements are not supported by any factual matter in Harris' pleading. He does not allege or describe any incident before October 8, 2020, when Smith failed to take reported violence seriously, did not discipline subordinates for violent conduct against suspects, or was put on notice how body cameras could prevent violence. Rather, counsel appears to be fabricating purported factual details from the plaintiff's unsupported generalities alone. Likewise, claims for negligent hiring and retention of the deputies involved in the alleged beating incident and for somehow ratifying their wrongful behavior include no facts to support claims of negligent hiring or retention or to suggest that Smith ratified the deputies' alleged conduct.

C.  State Law Claims.

Alleged violations of state law are not independently actionable under § 1983, but a federal court may exercise supplemental jurisdiction over state law claims that are related to federal claims in the same lawsuit.  28 U.S.C. § 1367(c).  Harris does not spell out the state law claims he is attempting to bring against Smith, based on negligence within the sheriff's department.  Liberally construed, however, his allegations appear to accuse the sheriff of negligent supervision of his deputies.  This claim and other possible negligence claims lack merit.

First, Virginia does not recognize a state law claim of negligent supervision, the most obvious assumption one could take from Harris's vague allegation of negligence in the department.  *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 475 (Va. 2019).  Thus, I will grant Smith's Motion to Dismiss any attempted claim that Smith negligently supervised the deputies who allegedly violated Harris's rights.

Second, Smith cannot be held liable under state law based on a conclusory assertion of "neglect" by his department.  Am. Compl. 6, ECF No. 11.  The department itself is not a legal entity that can commit negligence.  *Young v. City of Mount Rainier*, 238 F.3d 567, 571 (4th Cir. 2001).  Therefore, Smith as sheriff cannot be held liable for vague, alleged negligence committed by his office.  Moreover, Harris does not provide any factual matter in support of his bald assertion

-8-

that negligence by the department or by anyone associated with it, including Smith, caused harm to Harris. His conclusory pronouncement of unspecified negligent action is simply insufficient to state any actionable claim against anyone. *Iqbal*, 556 U.S. at 678.

## III. CONCLUSION.

For the reasons stated, it is hereby **ORDERED** that Sheriff Donald Smith's Motion to Dismiss, ECF No. 26, is GRANTED and that defendant shall be terminated from the case. Following a Scheduling Conference, the case shall be set for jury trial in the Charlottesville Division of this Court as to the claims of excessive force against the remaining defendants.[5]

ENTER:  February 15, 2024

/s/  JAMES P. JONES
Senior United States District Judge

---

[5] Because I have found that the insufficiency of Harris' factual allegations alone supports Smith's Motion to Dismiss, I decline to address his immunity defense.

-9-